AO 91 (Rev 11/11) Criminal Complaint (modified by USAO for telephone or other reliable electronic means)

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| United States of America | ) |
|---|---|
| v. | ) |
| Amonta A. BOLDING | ) Case No. 2:21-mj-384 |
| | ) |
| | ) |
| | ) |
| Defendant(s) | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **April 9, 2021** in the county of **Franklin** in the **Southern** District of **Ohio**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Knowingly possess a firearm by a convicted felon |
| 21 USC 841(a)(1) | Possession of cocaine base with intent to distrubute |
| 21 USC 841(b)(1)(C) | |

This criminal complaint is based on these facts:
SEE ATTACHED

☑ Continued on the attached sheet.

_____
Complainant's signature

S Chappell ATF TFO
Printed name and title

Sworn to before me and signed in my presence.

Date: 6-1-21

_____
Judge's signature

City and state: Columbus Ohio

CHELSEY M. VASCURA, U.S. MAGISTRATE
Printed name and title

**PROBABLE CAUSE AFFIDAVIT**
**Amonta A. BOLDING**

I, Samuel Chappell, being duly sworn, depose and state that:

1. I have been an Officer with the Columbus Division of Police (CPD) since 2007. I have been assigned to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer (TFO) since 2017. As a result of my training and experience, I am familiar with state and federal laws pertaining to firearms and narcotics violations, among other offenses.

2. This affidavit is being submitted in support of an application for a criminal complaint against Amonta A. BOLDING for knowingly possessing a firearm in and affecting interstate commerce while he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. 922(g)(1) and 924(a).

3. The facts set forth within this affidavit come from the Affiant's own personal involvement with the investigation, as well as information provided by other law enforcement officers and reports. The information outlined below does not contain all details or all facts of which I am aware relating to this investigation but rather is provided for the limited purpose of establishing probable cause that BOLDING committed this offence.

4. On or about April 9, 2021, Columbus Police (CPD) Swat officers were aware that Amonta BOLDING had several outstanding warrants for his arrest. Officers located BOLDING. BOLDING was in a Nissan Altima in front of 5547 Baconridge Galloway Ohio, within the Southern District of Ohio. Officers approached BOLDING. BOLDING fled in the vehicle. After travelling a short distance, the Altima crashed into a fence and BOLDING attempted to flee on foot. BOLDING was apprehended shortly thereafter.

5. Officers observed a black handgun on the floor of the Altima directly in front of the driver's seat. A search of the Altima determined that the firearm was a loaded Ruger P95 pistol bearing serial number 36-13643. A black back was also recovered from the driver's seat. Inside the black bag officers recovered four plastic bags of suspect narcotics.

6. A detective from the Columbus Division of Police Domestic Violence Unit conducted an interview of BOLDING. BOLDING stated he understood his rights and signed a rights waiver. BOLDING stated that he had rented the Altima that he was driving at the time of his arrest. BOLDING initially stated that no one else has driven the rented Altima. BOLDING later stated that he had let a friend borrow it earlier. When asked about the firearm and suspected narcotics BOLDING stated there was nothing in the Altima and he was done talking.

7. The Columbus Division of Police Crime Laboratory later determined that the suspected narcotics recovered during the arrest of BOLDING consisted of 1.3 grams of heroin, 2.9 grams of cocaine hydrochloride, and 4.3 grams of cocaine base form.

8. BOLDING was prohibited from possessing a firearm because he had previously been convicted of the following crimes, each punishable by a term of imprisonment exceeding one year:

**PROBABLE CAUSE AFFIDAVIT**
**Amonta A. BOLDING**

    a. Franklin County Court of Common Pleas, Franklin County, Ohio, Case 99CR000018 for attempted felonious assault.
    b. Franklin County Court of Common Pleas, Franklin County, Ohio, Case 02CR007469 for Burglary.
    c. Franklin County Court of Common Pleas, Franklin County, Ohio, Case 17CR001570 for possession of drugs and weapons under disability.

9. A review of Court documents associated with the aforementioned convictions reveal that BOLDING knew that each conviction was punishable by a term of imprisonment exceeding one year.

10. Your Affiant confirmed via ATF resources that the aforementioned firearm seized from the *rented* Altima was not manufactured in the State of Ohio and therefore had previously traveled in interstate commerce to reach the State of Ohio.

11. Based on this information, your affiant believes probable cause exists that BOLDING knowingly possessed a firearm in and affecting interstate commerce, while knowing that he had previously been convicted of crimes, each punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, 922(g)(1) and 924(a).

12. Further based on this information, your affiant believes probable cause exists that BOLDING did knowingly possess with intent to distribute cocaine base.

ATF TFO Samuel Chappell

Sworn to and subscribed before me this day of _____June 1_____, at ___2021___ Columbus, Ohio.

CHELSEY M. VASCURA, U.S. MAGISTRATE JUDGE